UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF BRUCE H. WIXOM
by LAURA WIXOM, Personal Representative,

          Plaintiff,

v.

SBC SERVICES, INC., and
MURIEL UPTON,

          Defendants.

_____/

CIVIL CASE NO. 04-60253
HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING**
**DEFENDANT MURIEL UPTON'S MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Before the Court is defendant Muriel Upton's Motion for Summary Judgment (Doc. #12). Laura Wixom filed a Five Count Complaint against SBC and Muriel Upton ("Upton") on behalf of her father's estate. Counts I and III, state claims against SBC. In the remaining Counts, Plaintiff accuses Upton of fraud, conversion, and negligent misrepresentation. The claims against Upton all center on Upton's receipt of the proceeds from her ex-husband's life insurance policy.

Bruce Wixom ("Wixom") worked for SBC. As part of a benefit package offered by SBC, Wixom had a life insurance policy. He designated his wife at the time, Muriel Upton, as the policy's beneficiary. Upton and Wixom were married for eighteen years, but divorced in May, 2001. A provision in the judgment of divorce read:

> . . . that any right or interest of either Plaintiff or Defendant to any policy or
> contract of life, endowment, or annuity insurance of the other as beneficiary shall

> be extinguished and each shall be free to designate beneficiaries thereof of his or her own choice.

After the divorce, Upton changed her surname from Wixom to Upton. Two years later Wixom died of lung cancer. Wixom never changed the named beneficiary of his life insurance policy provided through SBC. However, according to Plaintiff, Wixom did change the designated beneficiary in a second life insurance policy.

Upton was contacted about the policy shortly after Wixom's death. Upton furnished a death certificate, name change affidavit, and a Claimant's Statement. In the Claimant's Statement, when asked to provide her relationship to the insured, Upton wrote that Wixom was her husband. Plaintiff also alleges, that Upton told Jody Whitaker, a daughter of Bruce Wixom, at Wixom's funeral that she would relinquish any proceeds she received from Wixom's insurance policy to his estate.

Upton seeks summary judgment on all three claims against her. Upton contends that ERISA preempts the Michigan judgment of divorce decree, which purportedly extinguished Upton's interest in the insurance policy. Upton also contends that Plaintiff's fraud and negligent misrepresentation claims fail because the statements were not made to Plaintiff, nor did Plaintiff rely to its detriment on them.

## II.    STANDARD OF REVIEW

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

As the United States Supreme Court has ruled:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002). "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party carries that burden, the burden then shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002). "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984)(citation omitted)(quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some

evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The evidence itself need not be the sort admissible at trial. Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000). However, the evidence must be more than the nonmovant's own pleadings and affidavits. Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252. Further, a plaintiff may not defeat a motion for summary judgment even where defendant's state of mind is at issue by merely asserting, for instance, that a jury might disbelieve the defendant's denial of malice. "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Id. at 256.

### III.   ANALYSIS

Plaintiff conceded that its claims against Upton for conversion and negligent misrepresentation should be dismissed; therefore, those claims will not be discussed. Plaintiff

4

also concedes that no viable fraud claim exists against Upton for statements she made to SBC. However, Plaintiff maintains that a viable fraud claim still exists by virtue of Upton's alleged promise to Jody Whitaker to transfer any proceeds she received from Bruce Wixom's life insurance policy to the estate. Plaintiff contends it detrimentally relied on that statement because it did not seek to block payment of the insurance proceeds to Upton.

> To show fraud or misrepresentation, a plaintiff must establish the following elements: (1) the defendant made a material misrepresentation; (2) it was false; (3) when it was made, the defendant either knew it was false or made it recklessly without knowledge of its truth or falsity; (4) the defendant made it with the intent that the plaintiff would act upon it; (5) the plaintiff acted in reliance on it; and (6) the plaintiff suffered damage.

Int'l Bhd of Elec. Workers v. McNulty, 543 N.W.2d 25, 30 (Mich. Ct. App. 1996).

Plaintiff has proffered no evidence that Upton did not intend to give the estate the money when she made the statement, or that she made the statement with the intent that the estate act on it. Further, "[a] promise regarding the future cannot form the basis of a misrepresentation claim." Forge v. Smith, 580 N.W.2d 876, 884 (Mich. 1998). Plaintiff argues that the fraud claim is based upon Upton's bad faith promise made without intention to perform. Hi-Way Motor Co. v. Int'l Harvester Co., 247 N.W.2d 813, 816 (Mich. 1976). However, Plaintiff still has not presented any evidence that, at the time the defendant made the promise, she had a bad-faith, fraudulent intent regarding the future activity in order to deceive the estate and to induce its reliance. See Id.

Next, Plaintiff cannot establish that it detrimentally relied on Upton's statement. Upton was legally entitle to the insurance proceeds. See . Metro. Life Ins. Co. v. Pressley, 82 F.3d 126 (6th Cir. 1996), MacMillan v. Parrott, 913 F.2d 310 (6th Cir. 1990). Therefore, because the estate had no legal interest in the insurance proceeds, it suffered no detriment by forbearing suit

5

against the insurance carrier to block payment to Upton.

Finally, it is not Jody Whitaker who is suing, but Laura Wixom on behalf of the estate; therefore, in order for the estate to have a viable fraud claim, the fraudulent statement must have been made to Laura Wixom, in her capacity as representative of the estate. "An allegation of fraud based on misrepresentations made to a third party does not constitute a valid fraud claim." Int'l Bhd of Elec. Workers, 543 N.W.2d at 30. Plaintiff did not allege, or proffer evidence that Upton promised Laura Wixom, in bad faith, to transfer the proceeds to the estate. The fraud claim is dismissed.

### IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that defendant Muriel Upton's Motion for Summary Judgment is **GRANTED.**

>                s/Marianne O. Battani
>                MARIANNE O. BATTANI
>                UNITED STATES DISTRICT JUDGE

DATED: September 26, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to Harvey Babcock and Kyle Riem on this date by ordinary mail and/or electronic filing.

6

s/Bernadette M. Thebolt
DEPUTY CLERK